# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ISAAC CLINTON ALLEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case Nos.  06-CR-144-JHP |
| ) | 07-CV-530-JHP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

This is a proceeding initiated by the above-named petitioner who is currently an inmate at the Federal Correctional Complex in Forrest City, AR.  This action was initiated pursuant to the provisions of 28 U.S.C. § 2255.  Petitioner contends that his detention pursuant to the judgment and sentence of the United States District Court for the Northern District of Oklahoma, in Case No.06-CR-144-JHP, is unlawful.

The Respondent filed a response by and through the United States Attorney for the Northern District of Oklahoma.  In addition, the court has reviewed the relevant trial court records associated with Case No. 06-CR-144-JHP.  The records reflect Petitioner was named in a two-count Indictment on August 10, 2006, charging him with Count I, Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1) and Count II, Possession of an Unregistered,

Modified Rifle, in violation of 26 U.S.C. §§ 5845(a)(3), 5861(d), and 5871. On October 13, 2006, Petitioner appeared before a magistrate judge and waived his right to trial and, pursuant to a written plea agreement, entered a plea of guilty and was found guilty as charged in Count One of the Indictment.

On March 27, 2007, Petitioner was sentenced to 76 months. Additionally, upon release from imprisonment Petitioner was ordered to serve three years supervised release. Further, Petitioner was ordered to pay a $100 special assessment and a $3,000 fine. Count Two was dismissed on the motion of the government. The judgment and commitment was filed of record on April 11, 2007.

Following his conviction, Petitioner did not file a direct appeal. On September 19, 2007, Petitioner initiated this proceeding by filing a Motion to Vacate pursuant to 28 U.S.C. § 2255. Petitioner asserts he was deprived of his Sixth Amendment right to effective assistance of counsel because counsel failed to consult a firearms expert regarding the measurement of the barrel of the MAADI (Egypt), AK-47 type 7.62 x 39 mm caliber semi-automatic rifle, bearing serial number ES22244. In support of his allegation, Petitioner submits an article from the internet which indicates, as originally manufactured, this weapon would have had a barrel length of 16.3 inches. Further, Petitioner asserts that the barrel of the AK-47 rifle to which he pled guilty of possessing had not been altered.

Petitioner's claim of ineffective assistance of counsel is governed by the familiar two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Specifically, Petitioner must demonstrate that (1) the representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance prejudiced the defense. *Id.*, 466 U.S. at 687, 104 S.Ct. at 2064. Failure to establish either prong of the Strickland standard will result in a denial of Petitioner's Sixth Amendment claims. *Id.*, 466 U.S. at 696, 104 S.Ct. at 2069-2070. While ensuring that criminal defendants receive a fair trial, considerable judicial restraint must be exercised. As the Supreme Court cautioned in Strickland,

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all to easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

*Id.*, at 466 U.S. at 689, 104 S.Ct. at 2065. In addition, the Court indicated the conduct of counsel is "strongly presumed" to have been within the wide range of reasonable professional assistance. *Id.* The Tenth Circuit has indicated before representation will be considered ineffective, it must have made the trial "a mockery, sham, or farce, or resulted in the deprivation of constitutional rights." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994); see also *Hoxsie v. Kerby*, 108 F.3d

3

1239, 1246 (10th Cir. 1997) (holding counsel's performance must have been "completely unreasonable, not merely wrong," to be constitutionally ineffective). This Court "may address the performance and prejudice components in any order, but need not address both if [petitioner] fails to make a sufficient showing of one." *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999).

In response to Petitioner's motion, Respondent submits two affidavits, one from Special Agent Josh Petree of the Department of Justice, Bureau of Alcohol, Tobacco, Firearms & Explosives and one from Petitioner's defense attorney, Stephen J. Knorr. According to Petree's affidavit, prior to sentencing, he met with an Assistant United States Attorney and defense counsel and conducted a measurement of the AK-47 firearm to ascertain the length of the barrel and "found it to be 12" in length where it appears that the end of the barrel has been shorted considerably." Govt. Exh. 1. Further, Mr. Knorr confirmed in his affidavit that he observed the measurement of the AK-47 and it appeared to be less than 16 inches by two or three inches. Mr. Knorr also indicates that he "noticed around the base of the barrel where it entered the stock that certain markings were evident on the metal, suggesting that some type of tool had been used on the barrel in that area." Govt. Exh. 2, at p. 1, ¶ 4. After receiving the PSR and reviewing it with Petitioner, defense counsel contacted Mark Lyons, a local criminal defense attorney and licensed firearms dealer, and asked him about the proper

way to measure the barrel length of the rifle. According to Lyons, Agent Petree had measured the rifle properly. *Id.*, at p. 2, ¶ 5. Thereafter, defense counsel met with Petitioner and discussed the length of the barrel and what actions counsel had taken to investigate this issue. Ultimately, counsel and Petitioner agreed there was not any grounds to challenge the two level increase based on the barrel length. *Id.*, at ¶ 6.

Based upon the affidavits detailing the extensive investigation undertaken by defense counsel regarding the actual length of the firearm in question, this Court finds Petitioner has failed to establish counsel's actions fell below an objective standard of reasonableness. Further, since the motion, files and records in this case establish Petitioner is not entitled to relief, Petitioner's request for an Evidentiary Hearing is denied. *United States v. Galloway*, 56 F.3d 1239, n. 1 (10th Cir. 1995). Accordingly, for the reasons set forth herein, Petitioner's Motion to Vacate and request for an evidentiary hearing are hereby denied.

It is so ordered on this 2nd day of January, 2008.

James H. Payne
United States District Judge
Northern District of Oklahoma