IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     *Respondent/Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | Case No: 06-CR-0144-JHP |
| ISAAC CLINTON ALLEN, ) | |
| ) | |
|     *Petitioner/Defendant*. ) | |

## OPINION AND ORDER

Before the Court are Defendant's Verified Motion to Set Aside Judgment as Fraudulently Procured [Doc. No. 85] and the Government's Motion to Dismiss Defendant's Rule 60(d) Motion for Lack of Jurisdiction [Doc. No. 88]. After review of the briefs, and for the reasons stated below, Allen's § 2255 Motion, [Doc. No. 85], is transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

## BACKGROUND

**A. June 15, 2006 Search of Defendant's Residence**

On June 15, 2006, officers from the Tulsa Police Department ("TPD") served a search warrant on a residence occupied by several individuals, including Allen, located in Tulsa, Oklahoma (the "June 15, 2005 Search"). The search warrant was based on an Affidavit for Search Warrant submitted by TPD Officer Anthony First. Officer First's affidavit in support of the search warrant for Allen's house was a compilation of information obtained from numerous police officers, including one paragraph based on information from TPD Detective Jeff Henderson. Detective Henderson's statements provided the basis for the following portion of Officer First's Affidavit for Search Warrant:

> During the months of June through September, 2005, Det. J. Henderson of the Tulsa Police Department Special Investigations Division received information from several separate CI's [sic] all of whom named ALLEN as a source of cocaine, marijuana, and methamphetamine. During his investigation of these claims Det. Henderson interviewed ALLEN in July of this same year. During this interview ALLEN stated to Det. Henderson that he had just purchased 11 pounds of crystal methamphetamine from "the Mexicans" for $87,000. At the time of the interview, ALLEN stated that he still owed "the Mexicans" $10,000.

[Doc. No. 16, Ex. 1 at 3.] Mr. Allen asserts that all of the information attributed to Detective Henderson is completely false. According to Mr. Allen, he never relayed any of this information to Detective Henderson and had no such encounter with Detective Henderson in 2005 or any other time.

Mr. Allen also disputes the veracity of other information contained in Officer First's Affidavit. The following statement was included in Officer First's Affidavit for Search:

> On June 3, 2006, officer L. Eberle and I conducted a traffic stop on a burnt-orange Cadillac Escalade pickup in the 5900 block of S. Lewis. During this stop we contacted two individuals who wished to offer information about a large amount of illegal drugs and drug proceeds that were being stored and sold/distributed from the address from a house close to 71st and S. Harvard. Both individuals stated to officers that the referenced house was a "gathering point" for members of the "Crips" gang. These individuals went on to state that the people who lived in the house were known to store and distribute illegal drugs as well as finance many of the luxury items that these gang members are often seen with such as expensive cars, clothing, and jewelry. These individuals also stated that the money needed to pay the bonds of arrested gang members was coming from this house.

[*Id.* at 2.] While Mr. Allen admits he was the driver of the vehicle, he contends that the vehicle's other occupants never stated that any drugs were stored or distributed from the residence at issue or that the residence was being used as a "gathering point" for members of a gang. Further, Mr. Allen disputes that the other occupants made statements regarding monies obtained at the residence.

During the course of the June 15, 2006 Search, officers found multiple firearms and ammunition and encountered Mr. Allen and Keenan Brown. Allen admitted that he had possessed one firearm for a period of time, but claimed he had received all of the remaining firearms the previous day from his drug supplier.

**B. Underlying Criminal Proceedings**

On August 10, 2006, Allen was charged by indictment with possessing firearms and ammunition after felony convictions in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count One), and possessing an unregistered modified rifle in violation of 26 U.S.C. §§ 5845(a)(3), 5861(d), and 5871 (Count Two). Mr. Allen moved to suppress the evidence seized from his house, and this Court held an evidentiary hearing on the motion. The sole witness at the hearing was Tulsa Police Officer Anthony First. On September 29, 2006, the Court denied Allen's Motion to Suppress.

On October 13, 2006, Allen pleaded guilty to Count One of the indictment pursuant to a plea agreement with the Government. On March 27, 2007, this Court sentenced Allen to seventy-six months of imprisonment and three years of supervised release. Following his conviction, Allen did not file a direct appeal.

**C. Post-Conviction Relief Pursuant to 28 U.S.C. § 2255**

Allen filed a motion under 28 U.S.C. § 2255 on September 19, 2007, arguing that he was deprived of his Sixth Amendment right to effective assistance of counsel because counsel failed to consult a firearms expert to show that the firearm was altered as alleged in his indictment and conviction. On January 2, 2008, after reviewing affidavits detailing the extensive investigation undertaken by Allen's trial counsel regarding the specifications of the firearm in question, this

Court denied Allen's § 2255 motion. Allen appealed and the Tenth Circuit denied him a certificate of appealability and dismissed the appeal. *United States v. Allen*, 290 F. App'x 103 (10th Cir. 2008).

## D. Improper Conduct by Tulsa Police Officers

On August 25, 2009, the Government submitted an *ex parte* notice of potential discovery issues advising the Court of newly discovered evidence suggesting misconduct by several TPD officers, including Detective Henderson. The Government further advised this Court that this newly discovered evidence of misconduct "may implicate the government's ongoing obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972)." [Doc. No. 70, 1.] On April 21, 2011, the Court unsealed the notice and directed the Court Clerk to send copies of the notice to Allen and his prior counsel of record.

In July and August of 2011, Detective Henderson stood trial on fifty-three (53) counts related to perjury, civil rights violations, drugs, witness tampering, and one firearms count. He was convicted of six (6) counts of perjury and two (2) counts of civil-rights violations. Then, on February 27, 2013, this Court issued an Order of Contempt, finding that Detective Henderson gave false testimony during an evidentiary hearing held on June 29, 2012, related to a § 2255 Motion filed by Tony Becknell in Northern District of Oklahoma, Case No. 05-CR-0084-JHP. Specifically, Detective Henderson gave false testimony regarding the identity of a confidential informant that allegedly gave Detective Henderson information, which was used in support of a search warrant. The Court's February 27, 2013 Order of Contempt was affirmed by the Tenth Circuit Court of Appeals. *United States v. Becknell*, 534 F. App'x 704 (10th Cir. 2013).

.

**E.  Motion to Set Aside Judgment**

On February 7, 2013, after being arrested in Arkansas on a petition to revoke his supervised release, Allen moved for the appointment of counsel to assist him in overturning his conviction, which this Court subsequently granted.  Then, on June 21, 2013, Allen filed a Verified Motion to Set Aside Judgment As Fraudulently Procured, seeking relief from his April 11, 2007 Judgment and Commitment on the basis of fraud on the Court.  In his motion, Allen argues

> [t]he "fraud on the Court" that warrants vacation of [the April 11, 2007] Judgment is false statements made by Jeff Henderson, which statements formed the basis of the affidavit for search warrant submitted by Officer Anthony First.  The search warrant was executed against Mr. Allen and resulted in the obtaining of the sole evidence against him.  Because the warrant was based upon false testimony, the April 17, 2007 Judgment and Commitment entered in this case must be vacated.

[Doc. No. 85, 1.]  In response, the Government filed a Motion to Dismiss Defendant's Rule 60(d) Motion for Lack of Jurisdiction.  [Doc. No. 88].  Allen filed his Response to the Government's Motion to Dismiss on August 16, 2013.  [Doc. No. 89].

## DISCUSSION

Pursuant to Fed. R. Civ. P. 60, Allen challenges this Court's April 11, 2007 Judgment and Commitment entered following his guilty plea alleging he has "new evidence" demonstrating this Judgment and Commitment was the product of fraud upon the Court.  After consideration of the procedural and factual circumstances of this case, the Court concludes that: (1) the Court lacks jurisdiction over the § 2255 Motion because it is Allen's second § 2255 Motion; and (2) transfer of the § 2255 Motion to the Tenth Circuit pursuant to 28 U.S.C. § 1631 is in the interest of justice.

The Court lacks jurisdiction over the motion because Woods previously filed a § 2255 Motion and has not received authorization to file a second § 2255 motion from the Tenth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *In re Cline*, 531 F.3d 1249, 1251–52 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until this court has granted the required authorization."); *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013) ("A prisoner's post judgment motion is treated like a second-or-successive § 2255—and is therefore subject to the authorization requirements of § 2255(h)—if it asserts or reasserts claims of error in the prisoner's conviction.").

"When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization ..., the district court may transfer the matter ... if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *Id.* at 1252. In order to determine whether transfer is in the interest of justice, a court should consider "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id.* at 1251. When the motion "fails on its face to satisfy any of the authorization standards of § 2255(h)" and "there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion" by electing dismissal. *Id.*

The Court elects to transfer the § 2255 Motion rather than dismiss it. Since the time of Defendant's arrest and underlying criminal proceedings, several members of the Tulsa Police Department have been convicted of defrauding the justice system in connection with their duties as officers, including making false statements in order to obtain search warrants. Defendant alleges that one of these convicted officers, Jeff Henderson, made false statements in order to obtain a search warrant authorizing the search of Defendant's residence, where evidence forming the basis of the charge to which Defendant pled guilty was found. This potential deprivation of Defendant's liberty based on a fraudulently obtained search warrant is repugnant to the values underlying the criminal justice system. As such, this case cries out for an opportunity to seek the truth through the judicial process. Accordingly, the Court believes that a transfer is in the interest of justice.

## CONCLUSION

After review of the briefs, and for the reasons outlined above, Allen's § 2255 Motion, [Doc. No. 85], is transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma